Case 2:25-cv-00040   Document 17   Filed on 10/20/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMY WARNER, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-00040 |
| | § | |
| CITY OF CORPUS CHRISTI POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 13). As the M&R explained, Plaintiff brings numerous claims generally relating to her allegation that the Corpus Christi Police Department failed to protect her from or prosecute her ex-boyfriend, DS, despite his repeated criminal acts. *Id.* at 1. The M&R recommends that the Court dismiss Plaintiff's suit for failure to state a claim and deny Plaintiff's motion for service of process. *Id.* at 20. Plaintiff has filed written objections to the M&R. (D.E. 15); (D.E. 16).[1]

After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 15); (D.E. 16), and **ADOPTS in part** the findings and conclusions of the M&R, (D.E. 13).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.).

---

[1] Plaintiff has filed two sets of objections. (D.E. 15); (D.E. 16). The objections appear identical, so the Court considers them together as one set of objections.

Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff raises numerous objections to the M&R. *See generally* (D.E. 15). The Court addresses each in turn.

Plaintiff first objects to the M&R's "nonjural entity argument." *Id.* at 1. The M&R recommends dismissing Plaintiff's claims because she names only the City of Corpus Christi Police Department ("CCPD") as Defendant. (D.E. 13, p. 10–11). As the M&R explains, CCPD does not have a separate legal existence from the City and so is not capable of being sued under Section 1983. *Id.* In her objection to this conclusion, Plaintiff argues that her claims should proceed alternatively against the City under the *Monell* framework, because the City is responsible for the policies, training, and supervision of its officers. (D.E. 15, p. 1). But, as Magistrate Judge Neurock explained, the M&R "considered whether the City of Corpus Christi—which is capable of being sued—should be substituted as defendant in this case." (D.E. 13, p. 11). And, after consideration, the M&R concluded that "substitution would be futile, because Plaintiff fails to plausibly allege a viable constitutional violation regardless of the identity of any defendant entity." *Id.* (citing *Stanford v. U.S. Dep't of Just.-Bureau of Alcohol, Firearms, and Explosives*, Civ. No. V-14-0040,

2014 WL 4537992, at *2 (S.D. Tex. Sept. 11, 2014) (Atlas, J.)). Accordingly, the Court **OVERRULES** Plaintiff's objection because substituting the identity of the named defendant would not alter the M&R's analysis. In other words, even with the City substituted as Defendant, Plaintiff has still failed to state a claim.

Next, Plaintiff objects that the M&R "mischaracterizes [her] claim as a demand for prosecution." (D.E. 15, p. 2). "Plaintiff clarifies that her claim is based on CCPD's failure to conduct a prompt and thorough investigation[,]" which constituted "negligence and a violation of her procedural due process rights, rather than an improper demand for criminal prosecution of a third party." *Id.* As the M&R explained, "Plaintiff does not have a constitutional right to have someone else investigated[.]" (D.E. 13, p. 12) (first citing *Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir. 2021); and then citing *Starrett v. City of Richardson, Tex*, 766 F. App'x 108, 111 (5th Cir. 2019)). The Court **OVERRULES** Plaintiff's objection.

Plaintiff also objects to the M&R's conclusion regarding her claim for failure to protect. (D.E. 15, p. 2). The M&R recommended dismissal of this claim for failure to state a claim and for lack of standing. (D.E. 13, p. 13–14). Magistrate Judge Neurock explained that, while "[c]rime victims have standing to sue when the police refuse to provide them with physical protection," that standing extends only to claims alleging a failure to protect *before* harm occurs. *Id.* at 13. Put differently, a plaintiff does have standing to sue for a refusal to provide advance protection from injurious actions after notifying the police. *Id.* at 14. Applying that rule here, the M&R concluded that because Plaintiff "does not allege that she contacted CCPD to warn them of impending acts by DS and that CCPD then failed to provide protection," she has failed to plausibly allege a constitutional violation. *Id.* at 13–14. In her objection, Plaintiff explains that she is alleging "CCPD's inaction *in the face of repeated warnings* deprived her of necessary protection." (D.E.

15, p. 2) (emphasis added). The Court understands this objection to address the M&R's conclusion about her pleadings and attempt to remedy the deficiency identified by the M&R. Accordingly, the Court **GRANTS** Plaintiff leave to amend her complaint to replead her claim for failure to protect to include these allegations. As the M&R notes, Plaintiff may plead her claim against the City of Corpus Christi (an entity which is capable of being sued).

Next, Plaintiff objects to the M&R's conclusion regarding her failure to state a claim for municipal liability under *Monell*. (D.E. 15, p. 2). Plaintiff argues that "[t]he allegations clearly set forth a claim that the City of Corpus Christi, through its oversight of CCPD, failed to institute proper training procedures for its officers, thereby contributing to a constitutional violation." *Id.* The M&R analyzed in detail whether Plaintiff's allegations might suffice under a *Monell* theory of liability. *See generally* (D.E. 13). Neither Plaintiff's complaint nor her questionnaire response references a claim for failure to train. (D.E. 1); (D.E. 11). Understandably, then, the M&R did not address such a claim. (D.E. 13). Plaintiff's objection fails to allege the training which the City failed to institute or the constitutional violation which resulted from the failure to train, and so has not remedied the pleading deficiency the M&R identified. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (explaining that municipal liability under *Monell* requires an underlying constitutional violation). Accordingly, the Court **OVERRULES** this objection.

Plaintiff then objects that "[t]he disparate treatment regarding the handling of Plaintiff's repeated reports, as compared to similarly situated individuals, constitutes unequal protection under the law." (D.E. 15, p. 3). The M&R recommended dismissing Plaintiff's equal protection claim on the grounds that she failed to "allege that CCPD intentionally treated her differently from any other crime victim." (D.E. 13, p. 15–16). Plaintiff's objection does not cure the pleading

deficiency the M&R identified because, although she mentions "similarly situated individuals," she has not provided the Court with any examples. So, the Court **OVERRULES** her objection.

Plaintiff also attempts to assert, for the first time, a claim for First Amendment retaliation. (D.E. 15, p. 3). She argues that "the [CCPD's] inaction, following her multiple petitions and reports, may suggest retaliatory conduct against her right to petition the government for redress[.]" *Id.* However, Plaintiff fails to allege facts which plausibly show that she suffered intentional retaliation for the exercise of a specific constitutional right. *See Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (explaining plaintiff must show defendant intentionally retaliated after the exercise of a specific constitutional right). Accordingly, the Court will not allow Plaintiff to constructively amend her complaint to add a claim for retaliation.

Finally, Plaintiff asserts that all her claims meet the requirements to establish standing. (D.E. 15, p. 3). The M&R recommended dismissal of only one claim for lack of standing—her claim for failure to investigate or prosecute DS. (D.E. 15, p. 12). The M&R explained that, under binding Fifth Circuit and Supreme Court precedent, "[t]he prospect that investigation or prosecution would, in the future, result in DS's not committing any further acts against Plaintiff is too speculative to vest standing in Plaintiff to sue CCPD." (D.E. 13, p. 14). Plaintiff has not identified any flaw in the M&R's analysis, and the Court is bound by precedent—Plaintiff does not have standing to sue CCPD for failure to prosecute or investigate DS. *See Lefebure*, 15 F.4th at 657 ("[V]ictims of crime do not have a cognizable interest in the investigation or prosecution of others."); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). The Court **OVERRULES** Plaintiff's objection.

Having reviewed the proposed findings and conclusions of the M&R, the record, the

applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 15); (D.E. 16), and **ADOPTS in part** the findings and conclusions of the M&R, (D.E. 13). Accordingly, the Court:

- **DISMISSES** Plaintiff's claims against CCPD with prejudice; and
- **GRANTS** Plaintiff leave to amend her complaint to replead her claim for failure to protect against the City of Corpus Christi to include the allegations raised in her objections.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 20, 2025