UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMY WARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00040 |
| | § | |
| CITY OF CORPUS CHRISTI POLICE | § | |
| DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff Amy Warner, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action under 42 U.S.C. § 1983. (Doc. Nos. 1, 27.) Pending is whether to retain Plaintiff's failure to protect claim against the City of Corpus Christi (the "City") in her amended complaint. (Doc. No. 27.) Plaintiff has alleged two causes of action in her amended complaint which are before the Court on preliminary judicial screening: (1) a substantive due process claim under the Fourteenth Amendment, and (2) an equal protection claim under the Fourteenth Amendment. The undersigned recommends the Court: (1) **DISMISS** Plaintiff's substantive due process cause of action, and (2) **DISMISS** Plaintiff's equal protection cause of action

1 / 14

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND

Plaintiff initially brought this lawsuit against the City of Corpus Christi Police Department ("CCPD") generally alleging that it failed to protect her from or prosecute her ex-boyfriend ("DS") despite repeated criminal actions by that individual.  (Doc. No. 1, 11.) On referral, United States Magistrate Judge Mitchel Neurock recommended dismissing her complaint in its entirety for naming a nonjural entity as the sole defendant in the case and because substitution of the City of Corpus Christi would still be futile.  (Doc. No. 13, p. 21.)  The district court adopted the recommendation in part, dismissing her claims against CCPD with prejudice.  (Doc. No. 17, p. 6.)  The Court granted Plaintiff leave, however, to "amend her complaint to replead her claim for failure to protect against the City of Corpus Christi to include the allegation raised in her objections." *Id.*  The district court emphasized that Plaintiff should replead her objection that "CCPD's inaction in the face of repeated warnings deprived her of necessary protection" from DS.  *Id.* at 5 (quoting Doc. No. 15, p. 2.)

After the district court granted Plaintiff leave to file an amended complaint, a subsequent order was issued requiring Plaintiff to file her complaint by November 12, 2025, or risk having her case recommended for dismissal.  (Doc. No. 19.)  Plaintiff was

2 / 14

warned not to rehash claims which had already been dismissed, and she was ordered not to raise "new claims other than her failure to protect claim against the City of Corpus Christi." *Id.* Plaintiff did not meet that filing deadline, and was ordered to show by November 24, 2025, as to why "her remaining failure to protect claim against the City of Corpus Christi should not be dismissed for failure to comply" with the Court's orders. (Doc. No. 22.) After again missing the Court's deadline, the undersigned recommended dismissal of Plaintiff's case. (Doc. No. 24.) On December 1, 2025, Plaintiff moved for an extension of time to file her amended complaint, which was attached to the motion. The Court granted her motion and withdrew its memorandum and recommendation. (Doc. No. 26.) Her amended complaint is now ripe for a second screening.

**III**. **PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's amended complaint includes two causes of action: (1) failure to protect in violation of the Fourteenth Amendment's Equal Protection Clause; (2) failure to protect in violation of the Fourteenth Amendment's Due Process Clause. (Doc. No. 27, pp. 2-3.) She alleges the City is liable under a theory of municipal liability stemming from *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). *Id.* at 3.

To briefly recount her factual allegations, Plaintiff alleges that "for over four years" she was a victim of domestic violence, harassment, and terror at the hands of DS. (Doc. No. 27, p. 2.) Plaintiff includes among this history allegations of vandalism, armed threats, property damage, physical assault, wrongful arrest of herself by CCPD, tire slashings, breaking and entering, and a "hammer attack"

3 / 14

during that break in. *Id.* During this time, Plaintiff allegedly sought protection from CCPD, routinely making calls for help to no avail. *Id.* She claims that CCPD "failed to take meaningful law enforcement action to protect her" or hold DS accountable. *Id.* Plaintiff alleges that the CCPD's "consistent refusal to arrest or charge" DS for these crimes constitutes a "complete failure to protect" her. *Id.* Further, the CCPD's "repeated pattern of inaction," Plaintiff alleges, "sent a clear message" to DS that "his criminal conduct would carry no consequences, which directly and foreseeably led to the escalation his violence against" her. *Id.*

In raising an equal protection claim, Plaintiff alleges that the City maintained a custom and policy of providing a "lower level" of police protection to victims of domestic assault. (Doc. No. 27, p. 2-3.) This "de facto policy," Plaintiff claims, of treating certain forms of assault differently than others amounts to a form of gender discrimination which "disproportionately affects women, who are the primary victims of domestic abuse." *Id.* She alleges that this discriminatory custom was the "motivating factor" in the CCPD's failure to protect her, and this failure was the direct cause of her physical and emotional harms. *Id.* at 3.

Turning to her substantive due process claim, Plaintiff alleges that the City "created and enhanced the danger" that she faced from DS. (Doc. No. 27, p. 3.) By "choosing" not to arrest DS for these "violent felonies," Plaintiff claims that the CCPD made her "more vulnerable than she would have been had the CCPD not responded at all" by communicating that he would not be punished for his crimes.

4 / 14

*Id.* This communication, she alleges, directly "emboldened her known abuser" through their deliberate indifference to Plaintiff's "life and safety." *Id.*

Plaintiff alleges that these constitutional violations form the basis of *Monell* claims against the City. (Doc. No. 27, p. 3.) She claims that the CCPD had a "persistent and widespread" custom of failing to properly investigate domestic violence complaints and arrest perpetrators of domestic violence. *Id.* This custom, Plaintiff alleges, was "so long-standing and well-settled as to have the force of a municipal policy." *Id.* Additionally, Plaintiff claims that the City "demonstrated deliberate indifference to the constitutional rights of domestic violence victims by failing to adequately train and supervise its CCPD officers." *Id.*

For her damages, Plaintiff seeks compensatory relief for her physical injuries, emotional distress, and financial losses. (Doc. No. 27, p. 4.) She also seeks punitive damages against the City and reasonable attorney's fees.

## IV. LEGAL STANDARD

When a plaintiff seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an in forma pauperis complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint," a district court will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, a court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege sufficient facts in support of her legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The factual allegations must raise

6 / 14

the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as a complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, a plaintiff's claim should not be dismissed. *Id.* Furthermore, as Plaintiff proceeds *pro se*, the Court construes her complaint liberally in her favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing Haines, 404 U.S. at 520). "There is no heightened pleading standard for § 1983 claims against municipalities. To survive a motion to dismiss, the complaint need not contain detailed factual allegations but still must state sufficient facts to establish a plausible claim on its face." *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018)).

## V.  ANALYSIS

Plaintiff's amended complaint contains two causes of action, alleging that the City violated her constitutional rights under § 1983 through a *Monell* theory of liability. *See* Doc. No. 27. She alleges that her due process and equal protection rights under the Fourteenth Amendment were violated by the City's policy and custom of discriminating against victims of domestic violence during calls for service. *Id.* "To establish municipal liability under 42 U.S.C. § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Savage v. Harris Cnty., Texas*, No. 4:24-CV-0666, 2025 WL 1697619, at *8 (S.D. Tex. June 17, 2025) (Ellison, J.) (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)).

7 / 14

While a municipal liability claim has three elements, "[e]very *Monell* claim" first "requires an underlying constitutional violation." *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017). Essentially, a *Monell* claim cannot proceed without a "predicate constitutional violation." *Loftin v. City of Prentiss, Miss.*, 33 F.4th 774, 783 (5th Cir. 2022) (citing *Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020) (cleaned up)). The constitutional bases for Plaintiff's two causes of action are thus examined first.

**A. Plaintiff's Due Process Claim**

The Due Process Clause provides that "[n]o State shall … deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Fifth Circuit has established a framework for evaluating substantive due process violations under § 1983:

> In order to state a claim for a substantive due process violation under § 1983, the plaintiffs must demonstrate: (1) they were deprived of a cognizable constitutional right, *see Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006); (2) the State acted with "deliberate indifference" to the protected right, *see Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 880 (5th Cir. 2004); and (3) the policies or practices complained of were the direct cause of the constitutional deprivation, see *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

*M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 248 (5th Cir. 2018).

Here, Plaintiff's substantive due process claim fails at the first step because she has not alleged violation of a cognizable constitutional right. "As a general matter, the State is under no affirmative obligation to protect its citizens from private harm." *Stukenberg*, 907 F.3d 237 at 248 (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189,

8 / 14

197 (1989)).  That is because "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors."  *DeShaney*, 489 U.S. at 195.  Rather, the Due Process Clause "is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security."  *Id.*  While the clause forbids states from depriving individuals of life, liberty, or property without due process of law, it does not "impose an affirmative obligation on the [s]tate[s] to ensure that those interests do not come to harm through other means."  *Id.*

The only recognized exception to this general rule in this circuit obliges the state to protect individuals from known threats of harm by private actors where a "special relationship" exists between the individual and the state.  *See McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 313 (5th Cir. 2002) (citing *Walton v. Alexander*, 44 F.3d 1297, 1299 (5th Cir. 1995)).  This special relationship includes people who are involuntarily confined or restrained against their will pursuant to governmental order or by the affirmative exercise of state power.  *Id.*  That narrow exception does not exist here, as Plaintiff was living in the free world and was not a prisoner or otherwise confined by the state.  The district court should conclude that Plaintiff fails to plausibly allege a viable due process claim.

9 / 14

**B. Plaintiff's Equal Protection Claim**

While *DeShaney* established that the "Due Process Clause does not require a State to provide its citizens with particular protective services," the Court also explained that "a State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." *DeShaney*, 489 U.S. at 197 n.3. The Fifth Circuit has created such a cause of action for victims of domestic violence, holding that "'law enforcement policies, practices, and customs toward domestic assault and abuse cases' can form the basis for a gender-based equal protection claim." *Banda v. City of McAllen, Texas*, No. 24-40508, 2025 WL 3094122, at *3 (5th Cir. Nov. 4, 2025) (*per curiam*) (quoting *Shipp v. McMahon*, 234 F.3d 907, 914 (5th Cir. 2000)). In *Shipp*, the Fifth Circuit explained that, to state such a claim, a plaintiff must show:

> (1) the existence of a policy, practice, or custom of law enforcement to provide less protection to victims of domestic assault than to victims of other assaults; (2) that discrimination against women was a motivating factor; and (3) that the plaintiff was injured by the policy, custom or practice.

*Shipp*, 234 F.3d at 914; *see also Cook v. Hopkins*, 795 F. App'x 906, 915 (5th Cir. 2019); *Kelley v. City of Wake Vill., Texas*, 264 F. App'x 437, 442-43 (5th Cir. 2008); *Beltran v. City of El Paso*, 367 F.3d 299, 304-05 (5th Cir. 2004).

Plaintiff has not sufficiently alleged an equal protection claim under *Shipp* because her complaint does not contain enough relevant facts to establish such a violation. This case is analogous to *Banda v. City of McAllen, Texas*, where the Fifth Circuit rejected the plaintiff's attempt to make a similar equal protection claim. In *Banda*, a victim of domestic assault made repeated "requests for help" to police for months to no avail; she was

ultimately killed by her abuser.[1] *Banda*, 2025 WL 3094122, at *3. In assessing plaintiff's

*Monell* claims against the City of McAllen, the court explained that while it "is true that

[plaintiff] alleged a series of events that are likely to establish a pattern or practice," she

did not provide any facts to establish the three *Shipp* elements. *Id*. This was the case

because her allegations were only "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements." *Id.* (quoting *Iqbal,* 556 U.S. at 678). For

example, the court explained that her allegations regarding the second *Shipp* element failed

because "[t]he only fact [plaintiff] pleaded to show invidious discrimination was her

conclusory assertion that discrimination was the McAllen Police Department's motivating

factor for its inaction." *Banda*, 2025 WL 3094122, at *4. To the court, this was not enough

to state a claim under *Shipp*.

 *Banda* and *Shipp* require plaintiffs to allege that the municipality had a custom of

treating victims of domestic assault differently than other forms of assault, with

discriminatory intent against women at the root of that custom. Here, Plaintiff's complaint

is deficient in those regards. Looking to the first *Shipp* element, and like *Banda,* Plaintiff

describes a pattern of behavior by CCPD, but she does not provide any facts regarding how

victims of domestic assault were treated less favorably than victims of other assault. *See*

Doc. No. 27, pp. 2-3. She claims that DS and "perpetrators" of domestic assault were not

arrested when probable cause was present and that CCPD treated domestic disputes "as a

private matter rather than a serious crime." *Id.* at 4. But reading this most favorably to

---

[1]  The lawsuit was brought by her estate. *Banda*, 2025 WL 3094122, at *1.

11 / 14

Plaintiff, these facts do not describe how this practice is different than how they treat other assaults. *Id.* at 4. It could be the case that CCPD does not arrest where probable cause is present for other assaults as well, but Plaintiff did not distinguish the two. Additionally, though Plaintiff claims that CCPD does not view domestic assault as a "serious crime" she does not claim that CCPD views other forms of assault as "serious crime[s]" either. Absent facts that explain how domestic assault is treated differently than other types of assault, Plaintiff's claim fails at the first prong. And because her claim fails there, it also necessarily fails at the third prong which requires plaintiff to connect the policy or custom to her injury.

For the second element, Plaintiff states that the custom "disproportionately affects women," but this does not explain how discriminating against women was the "motivating factor" behind that custom. (Doc. No. 27, pp. 2.) Plaintiff's factual account falls short here. Her complaint describes instances where her abuser was not arrested following calls for help, but she does not claim that DS was not arrested because he was a man and she is a woman. Instead, she highlights instances where she made calls for help, but those calls were not acted upon and did not lead to arrests. Plaintiff claims that she was "disproportionately affect[ed]" by this custom, but her equal protection claim requires more than that to state a claim. *Cook*, 795 F. App'x at 916 ("A discriminatory purpose is more than intent as volition or intent as aware of consequences. It implies that the decisionmaker . . . selected or reaffirmed a course of action at least in part because of, not merely in spite of its adverse effects upon an identifiable group.") (internal quotations

omitted) (quoting *Kelley v. City of Wake Village,* 264 F. App'x 437, 442 (5th Cir. 2008) (*per curiam*)). In its current form, Plaintiff's complaint does not establish that the CCPD's alleged custom was formed to discriminate against women, and her equal protection cause of action should be dismissed for failing to state an underlying constitutional violation.

## VI. CONCLUSION

Plaintiff's causes of action based on the CCPD's alleged failure to protect her fall short of identifying an underlying constitutional violation. First, being that Plaintiff is not part of a protected class in the due process context, the state had no duty to protect her from private actors. Second, while a failure to protect claim does exist in the equal protection context, Plaintiff did not provide enough facts to establish that the CCPD had a custom of treating victims of domestic assault differently than other forms of assault. Nor did she provide facts which suggest this custom was formed to discriminate against women. The district court should: (1) **DISMISS** Plaintiff's substantive due process cause of action because she has not alleged a viable constitutional violation, and (2) **DISMISS** Plaintiff's equal protection violation because she has not alleged a violation of that constitutional right.

Respectfully submitted on March 3, 2026.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).